UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

---

GRACE CHEN and DANIELLE
VILLARREAL, individually and on
behalf of all others similarly situated,

    Plaintiffs,

v.

HILLSDALE COLLEGE,

    Defendant.

Case No. 1:23-cv-1129-JMB-PJG

District Judge: Jane M. Beckering
Magistrate Judge: Phillip J. Green

ORAL ARGUMENT REQUESTED

---

**DEFENDANT HILLSDALE COLLEGE'S BRIEF IN SUPPORT OF
MOTION TO STRIKE CLASS ALLEGATIONS**

---

**ORAL ARGUMENT REQUESTED**

## <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

TABLE OF CONTENTS...................................................................................i

TABLE OF AUTHORITIES .............................................................................ii

INTRODUCTION .......................................................................................... 1

BACKGROUND............................................................................................. 2

LEGAL STANDARD...................................................................................... 3

ARGUMENT ................................................................................................. 4

     I.     IDENTIFYING STUDENTS WHO WERE SEXUALLY ASSAULTED WILL NOT
          BE ADMINISTRATIVELY FEASIBLE FOR CLASS-WIDE ADJUDICATION. ............ 5

          A.     The Proposed Definition Is Impermissibly Vague Because
                    Plaintiffs Did Not Define "Sexual Assault." ................................ 6

          B.     Whatever the meaning of "sexual assault" as used in the
                    class definition, the Court will be unable to determine
                    class membership without individualized fact-finding. ............... 7

          C.     The class definition creates an impermissible fail-safe
                    class because the Court must resolve merits issues to
                    determine membership.................................................................. 9

     II.     IDENTIFYING STUDENTS WHO WERE "TREATED IN A MANNER
          COVERED BY THE SEXUAL ASSAULT POLICY" WILL NOT BE
          ADMINISTRATIVELY FEASIBLE. .................................................................. 12

CONCLUSION.............................................................................................. 15

# <u>TABLE OF AUTHORITIES</u>

<u>Page No.</u>

**Cases**

*A.M.C. v. Smith*,
  620 F.Supp.3d 713 (M.D. Tenn. Aug. 9, 2022) .................................................. 5

*Abney v. Amgen, Inc.*,
  443 F.3d 540 (6th Cir. 2006) .......................................................................... 5

*Alexander v. Miller*,
  No. 3:20-cv-00044-GFVT, 2021 WL 1113146
  (E.D. Ky. March 23, 2021) ............................................................................. 14

Boyer v. Diversified Consultants, Inc.,
  306 F.R.D. 536 (E.D. Mich. Apr. 20, 2015) ...................................................... 4

*Bussey v. Macon Cnty. Greyhound Park, Inc.*,
  562 F. App'x 782 (11th Cir. 2014) ................................................................... 9

*Cole v. City of Memphis*,
  839 F.3d 530 (6th Cir. 2016) .......................................................................... 5

*Doe v. Michigan State University*,
  No. 1:18-cv-1430
  (W.D. Mich. Sept. 1, 2020) ......................................................................... 1, 4

*Eager v. Credit Bureau Collection Servs., Inc.*,
  No. 1:13-CV-173, 2014 WL 3534949
  (W.D. Mich. July 16, 2014) ............................................................... 7, 8, 10, 11

*Est. of Pilgrim v. Gen. Motors LLC*,
  344 F.R.D. 381 (E.D. Mich. 2023) ................................................................... 7

*John v. Nat'l Sec. Fire & Cas. Co.*,
  501 F.3d 443 (5th Cir. 2007) .......................................................................... 7

Jones-Turner v. Yellow Enter. Sys., LLC,
  No. 3:07CV-218-S, 2011 WL 4861882
  (W.D. Ky. Oct. 13, 2011),
  aff'd, 597 F. App'x 293 (6th Cir. 2015) .......................................................... 10

*Kensu v. Mich. Dep't of Corr.*,
  No 18-cv-10175, 2020 WL 1698662
  (E.D. Mich. April 8, 2020) .............................................................................. 9

*Kern v. Siemens Corp.*,
    393 F.3d 120 (2nd Cir. 2007) ................................................................. 9

*Ohio State Troopers Ass'n, v. Point Blank Enters., Inc.*,
    481 F.Supp.3d 1258 (S.D. Fla. Aug. 24, 2020) ................................. 9

*Oom v. Michaels Companies, Inc.*,
    No. 1:16-cv-257, 2017 WL 3048540
    (W.D. Mich. July 19, 2017) ...................................... 1, 4, 7, 11

*People v. Dobek*,
    732 N.W.2d 546 (Mich. Ct. App. 2007) ........................................... 6

*People v. Sabin*,
    614 N.W.2d 888 (Mich. 2000) ...................................................... 6

Pilgrim v. Universal Health Card, LLC,
    660 F.3d 943 (6th Cir. 2011) ............................................... 4

*Ramsay v. Frontier, Inc.*,
    No. 19-cv-03544-CMA-NRN, 2021 WL 651021
    (D. Colo. Feb. 19, 2021) ..................................... 13, 14

*Randleman v. Fid. Nat. Title Ins. Co.*,
    646 F.3d 347 (6th Cir. 2011) ........................................ 9, 10

*Romberio v. UnumProvident Corp.*,
    385 F. App'x 423 (6th Cir. 2009) ............................... 5, 7, 8

Sauter v. CVS Pharmacy, Inc.,
    No. 2:13-cv-846, 2014 WL 1814076
    (S.D. Oh. May 7, 2014) .................................................... 11

Steimel v. Wernert,
    823 F.3d 902 (7th Cir. 2016) .................................... 9, 12, 13

*Tsirekidze v. Syntax-Brillian Corp.*,
    No. CV-07-02204, 2009 WL 2151838
    (D. Ariz. July 17, 2009) ................................................... 9

*Young v. Nationwide Mut. Ins. Co.*,
    693 F.3d 532 (6th Cir. 2012) ................................... 5, 10, 12

**Statutes**

20 U.S.C. § 1092 ................................................................................. 7

34 U.S.C. § 12291 ............................................................................... 7

Mich. Comp. Stat. § 750.520a, et seq ................................................ 6

Mich. Comp. Stat. § 750.520g ............................................................ 6

**Rules**

Fed. R. Civ. P. 23 ............................................................................... 3

## INTRODUCTION

Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, Hillsdale College has moved to strike the class allegations from Plaintiffs' Complaint because the proposed class definition is fatally flawed. Hillsdale's motion attacks the class definition, and only the class definition. *Oom v. Michaels Companies, Inc.*, No. 1:16-cv-257, 2017 WL 3048540 at *2-3 (W.D. Mich. July 19, 2017), and *Doe v. Michigan State University*, No. 1:18-cv-1430, slip op. at 20  (W.D. Mich. Sept. 1, 2020), hold that class allegations should be stricken as a matter of fairness and efficiency if the "defendant can clearly show that a class definition is legally impermissible." The class definition in Plaintiffs' Complaint is legally impermissible for multiple reasons, including that its members cannot be identified without individual adjudication on the merits, and the definition itself is impermissibly vague and fail-safe. These defects in the class definition, which cannot be cured by factual development through discovery, analytically precede the explicit requirements of Rule 23(a) and (b). Indeed, the Court can't even conduct the analyses required by those sections of Rule 23 unless the defects in the class definition can be remedied. For the reasons explained more fully below, the Court should strike the class allegations from the Complaint.

## BACKGROUND[1]

The campus of Hillsdale College ("Hillsdale") is "atypically safe and community oriented."[2] That's not an accident. Hillsdale offers students a partnership in which it commits to provide a literary, scientific, and theological education and to combine with this, such moral, social, and artistic instruction and culture as will best develop the minds and improve the hearts of its pupils.[3] Students commit to adhere to Hillsdale's regulations of conduct. Violations of these regulations may result in disciplinary action up to and including expulsion.[4] Hillsdale's Sexual Misconduct Policy describes in detail the process of investigating and disciplining violations that implicate sexual misconduct.[5]

The Sexual Misconduct Policy defines sexual misconduct as "the showing of disrespect to another person based upon sex."[6] It is broader than, but necessarily includes, sexual assault, which is defined as "the imposition of sexual acts upon someone unwilling at the time to participate."[7] Sexual misconduct, the policy explains, can be verbal or nonverbal, physical or not physical, or threatening to a student's participation in any Hillsdale College activities.[8]

---

[1] Hillsdale College presents a fuller picture of this case's background in its brief in support of its motion to dismiss. (ECF No. 12-2, at PageID.78-89.) Accordingly, this brief focuses on the facts relevant to the defects in the proposed class definition.

[2] Kaylee McGhee, *Let's Talk About Sexual Assault on Campus*, The Collegian (Oct. 4, 2018), https://hillsdalecollegian.com/2018/10/lets-talk-sexual-assault-campus/ (cited at Compl. ¶ 24 n.8; PageID.6).

[3] *Sexual Misconduct, Hillsdale College*, https://catalog.hillsdale.edu/student-handbook/sexual misconduct.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

The Sexual Misconduct Policy also provides information on reporting sexual misconduct. Hillsdale imposes no limit on who can report, when they must report, or to whom a report can be made.[9] It provides the phone numbers and email addresses for officials in the Office of Student Affairs.[10] Hillsdale also offers "the help of the Deans, College Security, or Health Services" to individuals who seek support reporting sexual misconduct to law enforcement.[11]

Plaintiffs seek to challenge Hillsdale's Sexual Misconduct Policy as representatives of this proposed class:

> All female students who are or were enrolled at Hillsdale College from October 25, 2017 onwards and who were sexually assaulted or treated in a manner covered by the sexual assault policy.

Compl. ¶ 103, PgID.23.[12]

## LEGAL STANDARD

Hillsdale moves the Court to strike the class definition from Plaintiffs' Complaint, effectively eliminating all class allegations from the case. While some courts evaluate motions to strike class allegations under Rule 12(f), the Sixth Circuit analyzes them under Rule 23, which requires courts, "[a]t an early practicable time," to "determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). "[N]othing in the rules says that the court must await a motion by the plaintiffs" before it decides whether to certify the class. *Pilgrim v. Universal Health*

---

[9] *Sexual Misconduct, Hillsdale College*, https://catalog.hillsdale.edu/student-handbook/sexual-misconduct.

[10] *Id.*

[11] *Id.*

[12] The exclusions alleged in ¶ 104 are not at issue in this motion.

*Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). "As a result, '[e]ither plaintiff or defendant may move for a determination of whether the action may be certified under Rule 23(c)(1).'" *Id.* (citation omitted).

A court properly strikes class allegations "if the complaint demonstrates that the requirements for maintaining a class action cannot be met and discovery or factual development would not 'alter the central defect in th[e] class claim.'" *Oom*, 2017 WL 3048540, at *2 (quoting *Pilgrim*, 660 F.3d at 949); *Doe*, No. 1:18-cv-1430, slip op. at PageID.878. When "a class definition is legally impermissible, fairness and efficiency require that the Court address the issue in response to a properly filed motion" to strike. *Oom*, 2017 WL 3048540, at *2 (quoting *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538 (E.D. Mich. Apr. 20, 2015)).

Binding Sixth Circuit precedent, as applied by judges in this district, requires that Hillsdale's motion be granted. Plaintiffs' proposed class definition is legally defective in multiple irremediable respects. Indeed, its defects are so obvious and so fatal as to suggest the class allegations were added solely for their potential *in terrorem* effect. As defined, the class ***cannot*** be identified or certified no matter the discovery conducted. The Court should strike the class definition and related class allegations from the Complaint.

## ARGUMENT

Plaintiffs' class definition is legally defective and cannot be certified under Rule 23. For a district court to certify a class, the proposed class definition must be "sufficiently definite so that it is administratively feasible for the court to determine

4

whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) (citation omitted).[13] Plaintiffs' definition is not.

The proposed definition includes two groups. Both groups consist of "female students who are or were enrolled at Hillsdale College from October 25, 2017 onwards." The first group is limited to those female students who were sexually assaulted, while the second extends the class to female students who were "treated in a manner covered by the sexual assault policy." Compl. ¶ 103; PageID.22. Plaintiffs have not defined any of the operative terms, and no reasonable definition eliminates the individualized inquiry required of each purported member.

## I. IDENTIFYING STUDENTS WHO WERE SEXUALLY ASSAULTED WILL NOT BE ADMINISTRATIVELY FEASIBLE FOR CLASS-WIDE ADJUDICATION.

Under the first prong of the proposed class definition, individuals qualify for class membership if they were sexually assaulted. That portion of the definition is legally defective for at least three reasons. First, sexual assault is undefined. Second,

---

[13] While the Sixth Circuit has decided that Rule 23(b)(2) does not demand ascertainability for a "class seeking only injunctive and declaratory relief," *Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016), the proposed class must nevertheless be **cohesive**. *Romberio v. UnumProvident Corp.*, 385 F. App'x 423, 433 (6th Cir. 2009). "To be cohesive, 'unitary adjudication of the [class] claims' must be possible without 'individualized determinations.'" *A.M.C. v. Smith*, 620 F.Supp.3d 713, 735 (M.D. Tenn. Aug. 9, 2022) (quoting *Romberio*, 385 F. App'x at 432-33). As explained in Hillsdale's brief in support of its motion to dismiss, a purported risk of sexual assault—the irreparable harm alleged in the Complaint—is neither immediate nor imminent and thus is insufficient to support injunctive relief. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (movant must demonstrate that she "will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated") (ECF No. 12-2, PageID.142-43.) Even if it was, the lack of coherence in the Complaint's definition is apparent. The definition includes both current and former female Hillsdale students, but former students plainly are not at an "increased risk of sexual assault" **at** Hillsdale. The Court need look no further than the omission of Ms. Villarreal, a former female Hillsdale student, from the Complaint's "Allegations Specific to Injunctive Relief" to conclude the proposed (b)(2) class flunks *Romberio's* test of coherence. Compl. PageID.28-32 & 34-36.

however sexual assault is defined, class members can be identified only after individualized inquiries. And third, defining class members as those who "were sexually assaulted" creates an impermissible fail-safe class. Hillsdale addresses each defect in turn.

### A. The Proposed Definition Is Impermissibly Vague Because Plaintiffs Did Not Define "Sexual Assault."

Plaintiffs do not define "sexual assault," yet they seek to represent a class of women who have been sexually assaulted. Their failure to define this critical condition of class membership matters because sexual assault does not have a uniform definition. Hillsdale defines sexual assault as "the imposition of sexual acts upon someone unwilling at the time to participate."[14] State and federal law have different and varying definitions.

The Michigan Penal Code, for example, uses "criminal sexual conduct," not "sexual assault." *See* Mich. Comp. Stat. § 750.520a, et seq. Michigan courts sometimes use "sexual assault" to refer to assault with intent to commit criminal sexual conduct, *e.g.*, *People v. Dobek*, 732 N.W.2d 546, 554 (Mich. Ct. App. 2007) (citing Mich. Comp. Stat. § 750.520g); other times, they use the term to refer to any of the criminal sexual conduct offenses, *e.g.*, *People v. Sabin*, 614 N.W.2d 888, 902 (Mich. 2000). The inconsistent practice, sensible in each isolated context, precludes the use of state law as a source of definitional precision.

---

[14] *Sexual Misconduct, Hillsdale College*, https://catalog.hillsdale.edu/student-handbook/sexual misconduct.

Federal law is no better. The relevant federal statute allows the FBI to define "sexual assault." 20 U.S.C. § 1092(f)(6)(A)(v). And then § 1092(f)(8) uses sexual assault alongside "domestic violence," "dating violence," and "stalking"—each separately defined elsewhere, 34 U.S.C. § 12291(a)(11)-(12), (36). Such usage indicates that sexual assault does not encompass those terms. However the terms are construed, "sexual assault" is not identical under federal and state law.

The conflicting definitions mean that the undefined and critical term "sexual assault" renders the proposed class unworkable now, and that defect will not later be cured by discovery. The class allegations should be struck. *See Oom*, 2017 WL 3048540, at *2 (courts may strike class-action allegations when factual development will not fix defective class claims).

**B. Whatever the meaning of "sexual assault" as used in the class definition, the Court will be unable to determine class membership without individualized fact-finding.**

The class definition also is legally defective because it requires individualized inquiry to determine membership. The need for individualized fact-finding renders a class definition unsatisfactory and uncertifiable. *Romberio*, 385 F. App'x at 431 (reversing class certification because the class definition lacked typicality under Rule 23(a) and cohesion under Rule 23(b)(2)); *Eager v. Credit Bureau Collection Servs., Inc.*, No. 1:13-CV-173, 2014 WL 3534949 (W.D. Mich. July 16, 2014). To avoid that result, "a class definition must be based on objective criteria that makes it possible to identify class members without individualized fact finding." *Est. of Pilgrim v. Gen. Motors LLC*, 344 F.R.D. 381, 399 (E.D. Mich. 2023) (citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007)).

*Eager* illustrates the point. 2014 WL 3534949. The class definition there captured a group of defendants sued in Michigan courts. Among other criteria, the class was limited to natural persons defending against lawsuits in which the complaint "falsely stated that the plaintiff had taken assignment of the claims of the additional creditors named on an exhibit attached to the complaint." *Id.* at *2. Because assignments "may be accomplished both orally and by implication" under Michigan law, the court recognized that it "would be required make an individual merits-based inquiry as to whether an assignment existed." *Id.* at *4. For that reason, the class definition was defective, and a curing amendment would render the class overly broad. *Id.* at *5; *see Romberio*, 385 F. App'x at 431.

Plaintiffs' class definition contains the same flaw. No matter what conduct qualifies as sexual assault, determining class membership will require a mini-trial as to each putative member. Consider, for example, Hillsdale's definition of "sexual assault"—the "imposition of sexual acts upon someone unwilling at the time to participate."[15] This definition may be broken into two parts: one, the occurrence of a sexual act; two, the act was imposed against someone without her consent. The Court will then have to weigh conflicting testimony about whether a sexual act occurred and whether the putative class member consented at the time. Those individual factual determinations must be made to ***identify*** the members of Plaintiffs' proposed class. *Cf. Kensu v. Mich. Dep't of Corr.*, No 18-cv-10175, 2020 WL 1698662, at *7 (E.D.

---

[15] *Sexual Misconduct, Hillsdale College,* https://catalog.hillsdale.edu/student-handbook/sexual misconduct.

Mich. April 8, 2020) ("[A] class definition should be based on objective criteria so that class members may be identified without individualized fact finding."); *Ohio State Troopers Ass'n, v. Point Blank Enters., Inc.*, 481 F.Supp.3d 1258, 1274 (S.D. Fla. Aug. 24, 2020) (citing *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014)) (class definition was defective because of the number of individualized determinations required to determine class membership).

Among other things, the class definition determines "who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Steimel v. Wernert*, 823 F.3d 902, 918 (7th Cir. 2016) (internal citation omitted). But the parties cannot identify who should receive notice based on the current definition. And relying on notice to ascertain the class gets the process backwards and creates an impermissible opt-in class. *See Kern v. Siemens Corp.*, 393 F.3d 120, 124-26 (2nd Cir. 2007) ("substantial legal authority supports the view that ... Congress prohibited 'opt in' provisions") (collecting numerous commentaries); *Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-02204, 2009 WL 2151838, at *8 (D. Ariz. July 17, 2009) (recognizing that an opt-in procedure contradicts Rule 23). The individual inquiry required to determine class membership renders the definition fatally defective and requires that it be struck.

## C. The class definition creates an impermissible fail-safe class because the Court must resolve merits issues to determine membership.

The Sixth Circuit has explained that a "fail-safe" class is one that "shields the putative class members from receiving an adverse judgment." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). This is so because "[e]ither the class

members win or, by virtue of losing, they are not bound by the judgment." *Id.* A fail-safe class definition thus is "an independent ground for denying class certification." *Id.*

In another case addressing fail-safe classes, the Sixth Circuit held that "the class definition must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class." *Young*, 693 F.3d at 537-38. And fail-safe classes are not sufficiently definite because the class "cannot be defined until the case is resolved on the merits." *Young*, 693 F.3d at 538.

Relatedly, fail-safe classes are not administratively feasible because, "to ascertain who is a member of the class, the merits of each [putative member's] claims would need to be reached." *Jones-Turner v. Yellow Enter. Sys., LLC*, No. 3:07CV-218-S, 2011 WL 4861882, (W.D. Ky. Oct. 13, 2011), *aff'd*, 597 F. App'x 293 (6th Cir. 2015). If an adverse judgment would bind only the named plaintiffs, the case is by definition an individual action, not a class action, and the class is fail-safe.

All of these reasons apply here to disqualify Plaintiffs' proposed fail-safe class. *Eager* demonstrates this clearly. 2014 WL 3534949. The class definition there referred to complaints that "falsely stated" the plaintiff was an assignee. An individual would be a class member "only if the assignment allegation in the particular state-court complaint was false, i.e., no assignment existed." *Id.* at *5. The *Eager* Court held that this condition rendered the proposed class an impermissible fail-safe class because "[i]f no assignment existed, the individual will have a valid

claim and be included in the class, but if an assignment existed, the individual will be excluded from the class and not bound by the judgment." *Id.*

The Court can find another example in *Oom*. There, the class included all persons in Michigan who purchased but did not receive certain services from the defendants. 2017 WL 3048540, at *4. Judge Maloney held this was an impermissible fail-safe class because class membership depended on proof that the putative class member didn't receive the purchased services. *Id.* The Court struck the class allegations for these reasons. *Id.* at *7.

The class definition in this case contains the same flaw and warrants the same result. Plaintiffs must prove that they were sexually assaulted to be entitled to relief. Under the class definition's first prong, class membership also requires proof the putative member was sexually assaulted.[16] "However, if the Plaintiffs are unsuccessful in meeting their burden of proof"—*i.e.,* if the jury concludes that Plaintiffs were not sexually assaulted—then "the class does not exist and is not bound by the judgment in favor of the Defendant." *Sauter v. CVS Pharmacy, Inc.*, No. 2:13-cv-846, 2014 WL 1814076, at *9 (S.D. Oh. May 7, 2014). The Complaint in this case therefore defines an impermissible fail-safe class, and the Court should strike the class definition and related class allegations.

---

[16] Many of Plaintiffs' claims are explicitly premised on the occurrence of a sexual assault. *See* Compl. ¶¶ 120, 123 (Count I), 140 (Count II), 146-47 (Count III), 156-58 (Count IV), 192-99 (Count VI), 207 (Count VII); PageID.26-28, 31-33, 38, 41.

## II. IDENTIFYING STUDENTS WHO WERE "TREATED IN A MANNER COVERED BY THE SEXUAL ASSAULT POLICY" WILL NOT BE ADMINISTRATIVELY FEASIBLE.

The alternative avenue for class membership fares poorly, too. That portion of the proposed class definition includes female students who were "treated in a manner covered by the sexual assault policy." Compl. ¶ 103; PageID.22. The phrase "treated in a manner covered" is so vague as to be virtually indecipherable, well short of the standard that a class definition must be "sufficiently definite so that it is administratively feasible" for determining class membership. *Young*, 693 F.3d at 537-38. As noted, precision in the class definition is critical "to identify who will receive notice, who will share in any recovery, and who will be bound by the judgment." *Steimel*, 823 F.3d at 918 (internal citation omitted). "To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Id.* (internal citation omitted).

In *Stemiel*, the Seventh Circuit held a class definition was impermissibly vague for its use of "require." *Id.* at 917. To remediate self-identified non-compliance with Medicaid rules on providing in-home services, Indiana moved people with developmental disabilities from a program without a cap on services to a program with a cap. *Id.* at 906, 918. The plaintiffs sued, seeking to represent a class of all persons moved from the uncapped program to the capped program "who require more services" than the capped program allowed. *Id.* at 917. The court found the definition was impermissibly vague because there was no standard for whether services were "required." *Id.* at 918 ("Are they medically required? Required for regular community

interaction? Required so as not to violate the integration mandate? … The class definition does not say."). Without more detail, the court could not "sort between those who were and those who were not deprived of services to which they were entitled," so certification was properly denied. *Id.*

The definition here has the same problem when it uses "treated in a manner covered by the sexual assault policy." There is nothing particular about individuals "treated in a manner covered" by a policy. The entire Hillsdale student body is "treated in a manner covered" by the Sexual Misconduct Policy. Those who abide by its terms are treated as if they have; those who don't may be investigated and disciplined. Nothing in the definition identifies those who have been "harmed during a particular time frame, in a particular location, [and] in a particular way" that the plaintiffs allege. *See Steimel*, 823 F.3d at 918. On this point, the proposed definition is materially similar to the class definition rejected in another case brought by Plaintiffs' counsel, *Ramsay v. Frontier, Inc.*, No. 19-cv-03544-CMA-NRN, 2021 WL 651021 (D. Colo. Feb. 19, 2021). There, the plaintiff sought to challenge Frontier Airline's sexual assault policies on behalf of a class of ***all*** Frontier passengers. 2021 WL 651021, at *6. The court held the class definition was overbroad because it included "individuals who never have been, and will never be, sexually assaulted on a Frontier flight." *Id.* at *7. By extending the class definition to every female student at Hillsdale, as the phrase "treated in a manner covered" by Hillsdale's Sexual Misconduct Policy does, Plaintiffs' counsel has committed the identical error that resulted in striking the class allegations in *Ramsay*—the class includes "individuals

13

who never have been, and will never be, sexually assaulted" or otherwise sexually harmed at Hillsdale.

The *Ramsay* Court identified a further problem with the definition also present here—the class "includes not only sexual assault victims and potential victims, but also sexual assault perpetrators and potential assailants." *Id.* Sexual assault survivors and purported assailants ***both*** have rights under Hillsdale's Sexual Misconduct Policy and are treated by Hillsdale "in a manner covered" by the policy. The class definition therefore extends to female students who have been accused of sexual misconduct, including stalking, relationship violence, and retaliation.[17] This would create an impermissible intra-class conflict between alleged victims and alleged violators, rendering the class definition uncertifiable.

Because the vagueness of "treated in a manner" produces an overly-broad, unascertainable, and incoherent class, the Court should strike the class definition. *See Alexander v. Miller*, No. 3:20-cv-00044-GFVT, 2021 WL 1113146, at *3 (E.D. Ky. March 23, 2021) (citing *Chaz Concrete Co. v. Codell*, No. 3:03-cv-52-KKC, 2006 WL 2453302, at *6 (E.D. Ky. Aug. 23, 2006)) ("In a properly defined class, only members who have standing to file suit in their own right would be included.").

---

[17] *Sexual Misconduct, Hillsdale College*, https://catalog.hillsdale.edu/student-handbook/sexual misconduct.

## CONCLUSION

The class definition is fatally flawed as a matter of law. Its defects cannot be cured by discovery. The Court should strike the class definition and the associated class allegations from the Complaint.

Dated:  December 22, 2023

Respectfully submitted,

*s/ Sarah L. Nirenberg*

Allyson N. Ho (application for
admission forthcoming)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3233
(214) 571-2971 (fax)
aho@gibsondunn.com

Sarah L. Nirenberg
Carey A. DeWitt
BUTZEL LONG, P.C.
201 West Big Beaver Rd., Suite 1200
Troy, MI 48084
(248) 258-2919
(248) 258-1439 (fax)
nirenberg@butzel.com

Peter W. Herzog III (application for
admission pending)
WHEELER TRIGG O'DONNELL LLP
One Metropolitan Square
211 N. Broadway, Suite 2825
St. Louis, MO 63102-2723
(314) 326-4129
(303) 244-1879 (fax)
pherzog@wtotrial.com

*Counsel for Defendant
Hillsdale College*

## <u>CERTIFICATE OF COMPLIANCE WITH L.CIV.R. 7.2</u>

I hereby certify that this brief was created using Microsoft Word, and that the brief contains 3,708 words in the document as defined by L. Civ. R. 7.2(b)(i).

<u>*s/ Sarah L. Nirenberg*</u>