IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GRACE CHEN and DANIELLE VILLARREAL, individually and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>HILLSDALE COLLEGE,<br><br>　　Defendant. | Case No. 1:23-cv-1129-JMB-PJG<br><br>District Judge: Jane M. Beckering<br>Magistrate Judge: Phillip J. Green |

## DEFENDANT HILLSDALE COLLEGE'S NOTICE OF ADDITIONAL AUTHORITY

Defendant Hillsdale College gives notice of the unanimous decision of the United States Court of Appeals for the Fourth Circuit in *Buettner-Hartsoe v. Baltimore Lutheran High School Association*, which was issued yesterday. No. 23-1453, 2024 WL 1289592 (4th Cir. Mar. 27, 2024).

The question before the Fourth Circuit was whether tax-exempt status under 26 U.S.C. § 501(c)(3) constitutes "federal financial assistance" under Title IX of the Education Amendments of 1972. *Buettner-Hartsoe*, 2024 WL 1289592, at *1; *see* FAC Intro., ¶¶ 201, 220; PageID.223, 263, 266–267. The Fourth Circuit answered that it does not: "tax exempt status pursuant to 26 U.S.C. § 501(c)(3) does not equate to 'receiving Federal financial assistance' for purposes of Title IX." *Buettner-Hartsoe*, 2024 WL 1289592, at *5. Consistent with what Hillsdale has explained in its brief in support of dismissal, the Fourth Circuit observed that the plain language of the phrase "receiving Federal financial assistance" "contemplates the transfer of

1

funds from the federal government to an entity." *Id.* at *2–*3. And "Title IX's neighboring provision" supports this plain reading, as it is "limited to affirmative forms of assistance." *Id.* at *3; see* PageID.495–496. Supreme Court precedent likewise supports this reading, *Buettner-Hartsoe*, 2024 WL 1289592, at *3–*4, as does the fact that, "since Title IX's inception over fifty years ago, it has never been applied to organizations based solely on their tax exempt status." *Id.* at *4; see* PageID.496–497, 501–503. Finally, the Fourth Circuit explained that, although the Supreme Court has likened tax exemptions to subsidies, "they are not 'in all respects identical.'" *Buettner-Hartsoe*, 2024 WL 1289592, at *4 (quoting *Regan v. Tax'n with Representation of Wash.*, 461 U.S. 540, 544 n.5 (1983)). Importantly, "'[a] subsidy involves the direct transfer of public monies to the subsidized enterprise and uses resources exacted from taxpayers as a whole. An exemption, on the other hand, involves no such transfer.'" *Id.* at *4 (quoting *Walz v. Tax Comm'n of New York*, 397 U.S. 664, 690 (1970) (Brennan, J., concurring)); *see* PageID.507–508. Thus, the court held, "tax exempt status pursuant to 26 U.S.C. § 501(c)(3) does not equate to 'receiving Federal financial assistance' for purposes of Title IX." *Buettner-Hartsoe*, 2024 WL 1289592, at *5.

The Sixth Circuit "routinely looks to [its] sister circuits for guidance when [it] encounter[s] a legal question that [it has] not previously passed upon." *United States v. Washington*, 584 F.3d 693, 698 (6th Cir. 2009) (citation omitted). The Western District of Michigan likewise relies on authority from other circuits, particularly when binding decisions are "scarce" and the out-of-circuit authority

2

"employ[s] logical reasoning," is "internally consistent," and "comport[s] with established canons of construction." *Smith v. Astrue*, 639 F. Supp. 2d 836, 842 (W.D. Mich. 2009) (citation omitted).

Hillsdale therefore provides immediate notice of the Fourth Circuit's decision in *Buettner-Hartsoe* both to the Court, and to the Plaintiffs, so that the case may be addressed during the ongoing briefing of Hillsdale's motion to dismiss.

Dated: March 28, 2024

Sarah L. Nirenberg
Carey A. DeWitt
BUTZEL LONG, P.C.
201 West Big Beaver Road, Suite 1200
Troy, MI 48084
(248) 258-2919
(248) 228-1439 (fax)
nirenberg@butzel.com

Respectfully submitted,

*s/ Ryan J. Walsh*
Ryan J. Walsh
EIMER STAHL LLP
10 East Doty Street, Suite 621
Madison, WI  53703
(608) 620-8346
(312) 692-1718 (fax)
rwalsh@eimerstahl.com

Allyson N. Ho
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698 3233
(214) 571-2971 (fax)
aho@gibsondunn.com

*Counsel for Defendant*

4