IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GRACE CHEN and DANIELLE VILLARREAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>HILLSDALE COLLEGE,<br><br>    Defendant. | Case No. 1:23-cv-1129-JMB-PJG<br><br>District Judge: Jane M. Beckering<br>Magistrate Judge: Phillip J. Green |

**DEFENDANT HILLSDALE COLLEGE'S UNOPPOSED MOTION TO EXCEED WORD LIMIT UNDER W.D. MICH. LCIVR 7.1(c)**

Defendant Hillsdale College, by counsel, hereby moves, pursuant to W.D. Mich. LCivR 7.1(c), for an order permitting Defendant to exceed the word limit for its attached Reply Brief in Support of its Motion to Dismiss the Amended Class Action Complaint. The grounds for this motion are as follows:

1. On January 11, 2024, Plaintiffs filed their Amended Class Action Complaint. PageID.221–269.

2. On February 1, 2024, Defendant filed a Motion to Dismiss the Amended Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6). PageID.287–288. Concurrent with that motion, Defendant filed a Motion to Exceed Word Limit under W.D. Mich. LCivR 7.1(c). PageID.289–296. Defendant sought to file a 17,818-word brief in support of its Motion to Dismiss; a brief that exceeded the 10,800-word limit set forth in W.D. Mich. LCivR 7.2(b)(i) by 7,018 words. This Court granted this relief on February 16, 2024. PageID.469.

1

3. On April 15, 2024, Plaintiffs filed their Brief in Opposition to Hillsdale's Motion to Dismiss Plaintiffs' Amended Complaint. PageID.656–715. Plaintiffs sought to exceed the page limitation set forth in W.D. Mich. LCivR 7.2(b)(i) and file a brief of 16,464 words. *See* PageID.653–655, 716. This Court granted Plaintiffs' motion one day later on April 16, 2024. PageID.719.

4. W.D. Mich. LCivR 7.2(c) limits reply briefs filed in support of dispositive motions (which includes "motions" "to dismiss for failure to state a claim," *see* W.D. Mich. LCivR 7.2(a)) to 4,300 words, inclusive of "headings, footnotes, citations, and quotations."

5. But W.D. Mich. LCivR 7.1(c) permits the Court to "enlarge any … word count" established by the Local Rules.

6. Defendant's reply brief in support of its Motion to Dismiss is 8,992 words long, which is 4,692 words over the page limitation set forth in W.D. Mich. LCivR 7.2(c). There are several reasons Defendant should be permitted these additional words:

7. Defendant requires an enlargement of the word count to fully address the six causes of action alleged and to assist the Court in adjudication of the same. Giving short shrift to any of those causes of action, merely to ensure compliance with the default word limit, would be to the ultimate detriment to the Court.

8. Plaintiffs purport to raise a novel, paradigm-shifting theory of the scope of Title IX and other Spending Clause statutes, which theory was recently before the Fourth Circuit and there extensively briefed, by the parties and many

amici.[1] Responding to this theory demands extensive and carefully developed counterarguments, which would simply not be possible under the default word limit given the other claims that Defendant also needs to address.

9. This will make the reply brief approximately half the length of the preceding briefs filed by both parties, a common length for such briefs. *See* FRAP 32(a)(7).

10. Counsel for Defendant conferred with counsel for Plaintiffs about this request via email on May 9 and May 10, 2024. On May 10, counsel for Plaintiffs responded by email sating that they do not object to this request.

11. Consistent with W.D. Mich. LCivR 5.7(f), the reply brief in support of Defendant's Motion to Dismiss is attached to this motion.

Defendant Hillsdale College therefore respectfully requests that the Court enter an Order permitting it to exceed the word limit for its Reply Brief in Support of its Motion to Dismiss the Amended Class Action Complaintand accept the same for filing. If the Court denies this request, in whole or in part, Defendant respectfully requests 7 days to file a shorter brief in compliance with the word count specified by the Court.

---

[1] *See* Docket, *Buettner-Hartsoe v. Baltimore Lutheran High Sch. Ass'n*, No. 23-1453, ECF Nos. 20-1, 21-1, 22-1, 24-1, 27-1, 28-1, 41, 42-1, 44, 46.

| | |
|---|---|
| Dated: May 13, 2024 | Respectfully submitted, |
| | *s/ Ryan J. Walsh* |
| Sarah L. Nirenberg | Ryan J. Walsh |
| Carey A. DeWitt | EIMER STAHL LLP |
| BUTZEL LONG, P.C. | 10 East Doty Street, Suite 621 |
| 201 West Big Beaver Road, Suite 1200 | Madison, WI  53703 |
| Troy, MI 48084 | (608) 620-8346 |
| (248) 258-2919 | (312) 692-1718 (fax) |
| (248) 228-1439 (fax) | rwalsh@eimerstahl.com |
| nirenberg@butzel.com | |
| | Allyson N. Ho |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 2001 Ross Avenue, Suite 2100 |
| | Dallas, TX 75201 |
| | (214) 698 3233 |
| | (214) 571-2971 (fax) |
| | aho@gibsondunn.com |
| | |
| | *Counsel for Defendant* |